**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In re:

COMPANION CARE PARTNERS, LLC,                    :            Chapter 11
                                                 :
             Debtor                              :            Case No.: 25 - 11859 djb
                                                 :
                                                 :

**DEBTOR'S AMENDED MEMORANDUM CONCERNING §1191(b) OF
THE
BANKRUPTCY CODE**

Your rights may be affected by this Memorandum
You should consider discussing this document with an attorney.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

COMPANION CARE PARTNERS, LLC. : Case No.: 25 - 11859 DJB
:
Debtor : Chapter 11 Subchapter V
:
:

**Order Confirming Debtor's Fourth Amended Plan of Reorganization**
**Under Subchapter V of Chapter 11 of the Bankruptcy Code**

The Court, having considered the Sixth Amended Plan of Reorganization under Subchapter V of Chapter 11 of the Bankruptcy Code (the "Plan") filed by Companion Care Partners, LLC (the "Debtor"), and the evidence and arguments presented at the confirmation hearing held on February 3, 2026, and having reviewed the record in this case, including the declarations, objections, and other pleadings filed in connection with confirmation of the Plan, and after due deliberation and sufficient cause appearing therefor, hereby makes the following findings of fact and conclusions of law:

**Findings of Fact and Conclusions of Law**

Debtor, Companion Care Partners, LLC filed the above-captioned Chapter 11 Subchapter V Bankruptcy on May 9, 2025 for Bankruptcy relief because it experienced a disruption of its business operations after a nationwide cyberattack. A subsequent delay in Debtor's cashflow occurred thereby disabling the Debtor's ability to pay its creditors.

1. **Jurisdiction and Venue**

The Court has jurisdiction over this case pursuant to 28 U.S.C. 157 and 1334. Venue is proper under 28 U.S.C. 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. 157(b)(2)(L).

2. **Eligibility and Good Faith**

The Debtor is eligible for relief under Subchapter V of Chapter 11 of the Bankruptcy Code pursuant to 11 U.S.C. 1182. The Debtor filed this case and proposed the Plan in good faith and not by any means forbidden by law, as required by 11 U.S.C. 1129(a)(3).

3. **Compliance with the Bankruptcy Code**

The Plan complies with all applicable provisions of the Bankruptcy Code, including 11 U.S.C. 1122, 1123, and 1190, as required by 11 U.S.C. 1129(a)(1).

4. **Disclosure and Solicitation**

The Debtor has complied with the applicable provisions of the Bankruptcy Code, including 11 U.S.C. 1125 and 1126, regarding disclosure and solicitation of acceptances or rejections of the Plan, as required by 11 U.S.C. 1129(a)(2).

5. **Feasibility**

The Plan is feasible and is not likely to be followed by the need for further financial reorganization, as required by 11 U.S.C. 1129(a)(11).

6. **Best Interests of Creditors**

The Plan satisfies the "best interests of creditors" test under 11 U.S.C. 1129(a)(7), as each holder of a claim or interest in an impaired class will receive or retain under the Plan property of a value not less than the amount such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code.

7. **Acceptance by Impaired Classes**

At least one impaired class of claims has accepted the Plan, determined without including any acceptance of the Plan by an insider, as required by 11 U.S.C. 1129(a)(10).

8. **Fair and Equitable Treatment**

The Plan does not unfairly discriminate and is fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted, the Plan, as required by 11 U.S.C. 1191(b).

9. **Compliance with Subchapter V Requirements**

The Plan includes all information required under 11 U.S.C. 1190, including a brief history of the Debtor's business operations, a liquidation analysis, and financial projections demonstrating the feasibility of the Plan.

10. **Retention of Jurisdiction**

The Court retains jurisdiction over all matters arising out of or related to this case and the Plan, as provided in Article 6.3 of the Plan and 11 U.S.C. 105(a) and 1142.

**ORDER**

Based upon the foregoing findings of fact and conclusions of law, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. **Confirmation of the Plan**

The Plan, in the form attached hereto as Exhibit A is APPROVED and CONFIRMED pursuant to 11 U.S.C. 1191(a) .

## 2.  Binding Effect

The Plan and its provisions are binding upon the Debtor, all creditors, equity security holders, and other parties in interest, and their respective successors and assigns, as provided in 11 U.S.C. 1141(a).

## 3. Implementation of the Plan

The Debtor and the Reorganized Debtor are authorized and directed to take all actions necessary or appropriate to implement, effectuate, and consummate the Plan in accordance with its terms.

## 4. Discharge

If confirmed under 1191(a): The Debtor is granted a discharge of all debts as provided in 11 U.S.C. 1141(d).

## 5. Retention of Jurisdiction

The Court shall retain jurisdiction as provided in Article 6.3 of the Plan and 11 U.S.C. 105(a) and 1142.

## 6.  Notice of Effective Date

The Debtor shall file and serve a notice of the occurrence of the Effective Date of the Plan within Ten (10)  days of such date.

## 7.  Final Order

This Order is a final order, effective immediately upon entry, and not subject to any stay under Bankruptcy Rule 3020(e).

Dated:

_____

Daniel J. Baker, UNITED STATES BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY CO**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| *RE:  Companion Care Partners, LLC* | : | *BK No.: 25 - 11859 - djb* |
| | : | |
| Debtor | : | Chapter 11 |
| | : | |
| | : | |

**Memorandum of Legal Authorities: Confirmation Requirements for Subchapter V**
**Plan Under 11 U.S.C. § 1191**

## I. Statement of Facts

The proposed Chapter 11, Subchapter V plan, in this matter includes one unimpaired claim and five impaired claims. Of the five impaired claims, only one has voted to approve the plan. No objections have been filed to the plan. The remaining four impaired claims have not voted to accept the plan.

## II. Legal Standards

### a. Section 1191 Confirmation Standards

Section 1191 governs the confirmation of a subchapter V plan of reorganization. Busch Law Firm, LLC v. Frontline Med. Servs. LLC (In re Frontline Med. Servs. LLC), 665 B.R. 818 (B.A.P. 10th Cir. 2024). The statute establishes two distinct pathways for plan confirmation depending on whether the plan is consensual or nonconsensual. Busch Law Firm, LLC v. Frontline Med. Servs. LLC (In re Frontline Med. Servs. LLC), 665 B.R. 818 (B.A.P. 10th Cir. 2024).

### b. Consensual Plans Under Section 1191(a)

When no class of claims or interests votes to reject the plan, it is considered consensual and 11 U.S.C. § 1191(a) applies. Busch Law Firm, LLC v. Frontline Med. Servs. LLC (In re Frontline Med. Servs. LLC), 665 B.R. 818 (B.A.P. 10th Cir. 2024). Under this provision, a bankruptcy court shall confirm a plan under this subchapter only if all the requirements of section 1129(a), other than paragraph (15) of that section, are met. 11 USCS § 1191 Busch Law Firm, LLC v. Frontline Med. Servs. LLC (In re Frontline Med. Servs. LLC), 665 B.R. 818 (B.A.P. 10th Cir. 2024).

### c. Nonconsensual Plans Under Section 1191(b)

If a class of claims or interests votes to reject the proposed plan, the plan is nonconsensual and governed by § 1191(b) Busch Law Firm, LLC v. Frontline Med. Servs. LLC (In re Frontline Med. Servs. LLC), 665 B.R. 818 (B.A.P. 10th Cir. 2024). For nonconsensual plans, confirmation requires that all of the requirements of 11 U.S.C. § 1129, other than paragraphs

(8), (10), and (15) of that section, are met and the plan does not discriminate unfairly, and is fair and equitable with respect to that class of claims or interests. 11 USCS § 1191 Busch Law Firm, LLC v. Frontline Med. Servs. LLC (In re Frontline Med. Servs. LLC), 665 B.R. 818 (B.A.P. 10th Cir. 2024).

### III. Fair and Equitable Standard

For purposes of nonconsensual confirmation, the condition that a plan be fair and equitable with respect to each class of claims or interests includes specific requirements, including that with respect to a class of secured claims, the plan meets the requirements of section 1129(b)(2)(A) 11 USCS § 1191.

### IV. Analysis

#### a. Determination of Plan Status: Consensual vs. Nonconsensual

The threshold issue is whether the plan should be analyzed under the consensual standard of § 1191(a) or the nonconsensual standard of § 1191(b). The key distinction lies in whether any class of claims or interests has voted to reject the plan.

In the present scenario, no objections have been filed to the plan. However, of the five impaired claims, only one has voted to approve the plan, while four impaired claims have not voted at all. The critical question is whether non-voting by impaired classes constitutes rejection for purposes of § 1191 analysis.

Under the statutory framework, a plan is considered consensual when no class of claims or interests votes to reject the plan. Busch Law Firm, LLC v. Frontline Med. Servs. LLC (In re Frontline Med. Servs. LLC), 665 B.R. 818 (B.A.P. 10th Cir. 2024). The absence of affirmative rejection votes, combined with the lack of filed objections, suggests that the plan has not been actively rejected by any class.

#### b. Application of Section 1191(a) Consensual Standard

If the plan is deemed consensual under § 1191(a), the court must confirm the plan only if all requirements of section 1129(a), other than paragraph (15), are met. 11 USCS § 1191. This would include compliance with § 1129(a)(8), which typically requires acceptance by each class of claims or interests that is impaired under the plan.

However, there is potential tension between the consensual characterization and the requirement that impaired classes accept the plan. The fact that four of five impaired claims have not voted to accept could create issues under § 1129(a)(8) even if the plan is considered consensual.

Alternative Analysis Under Section 1191(b)

If the non-voting impaired classes are deemed to have rejected the plan, § 1191(b) would apply. Under the nonconsensual standard, the court may confirm the plan if all applicable requirements of section 1129(a), other than paragraphs (8), (10), and (15), are met, and the plan does not discriminate unfairly and is fair and equitable with respect to each impaired class that has not accepted the plan. 11 USCS § 1191.

Notably, § 1191(b) eliminates the requirement of § 1129(a)(8) (acceptance by impaired classes) and § 1129(a)(10) (acceptance by at least one impaired class), which could resolve the acceptance issues present under the consensual analysis. The plan would need to satisfy the fair and equitable standard with respect to the non-accepting impaired classes. 11 USCS § 1191.

**Potential Unresolved Objections**

The absence of filed objections does not necessarily preclude the existence of unresolved issues. Courts retain the authority to raise confirmation issues sua sponte, and the United States Trustee or other parties in interest may raise objections at the confirmation hearing.

The primary potential objection would likely center on whether the plan meets the acceptance requirements under whichever confirmation standard applies. If proceeding under § 1191(a), objections could focus on the failure of impaired classes to affirmatively accept the plan. If proceeding under § 1191(b), objections might challenge whether the plan is fair and equitable to non-accepting impaired classes.

**Conclusion**

The confirmation analysis under § 1191 depends critically on whether the plan is characterized as consensual or nonconsensual. If no impaired class has affirmatively voted to reject the plan, it may qualify for consensual treatment under § 1191(a), though this could create issues with the acceptance requirements of § 1129(a)(8). Alternatively, if non-voting is treated as rejection, the nonconsensual standard of § 1191(b) would apply, potentially providing a more viable path to confirmation by eliminating the acceptance requirements while imposing the fair and equitable standard. The absence of filed objections is favorable but does not guarantee confirmation, as issues may still be raised at the confirmation hearing.

Date: January 29, 2025

Respectfully Submitted:
/s/ Demetrius J. Parrish, Jr.
Demetrius J. Parrish, Jr., Esquire
Attorney for Debtor, Companion Care Partners, LLC